## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**OSCAR GONZALEZ**, on behalf of himself and those similarly situated

Plaintiff,

v.

**SAFECO INSURANCE COMPANY OF AMERICA**,

Defendant.

**Civil Action No.** 1:24-cv-08336

**NOTICE OF REMOVAL**

**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Clerk, United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper St, Room 1050
Camden, New Jersey 08101

Clerk, Superior Court of New Jersey
Burlington County Courthouse
49 Rancocas Road
Mt. Holly, New Jersey 08060

Henry P. Wolfe, Esq.
The Dann Law Firm
1520 U.S. Highway 130, Suite 101
North Brunswick, New Jersey 08902
*Attorney for Plaintiff and those similarly situated*

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant, Safeco Insurance Company of America ("Safeco"), hereby files this Notice of Removal, removing the case from the Superior Court of New Jersey, Law Division of Burlington

15546631-1

County, to the United States District Court, District of New Jersey, Camden Vicinage. In support of this Notice, Safeco states as follows:

## I.    BACKGROUND AND PARTIES

1.    The removed case is a civil action filed on or around June 21, 2024, in the Superior Court of New Jersey, Law Division of Burlington County, having been assigned Docket Number BUR-L-1294-24 and captioned Oscar Gonzalez v. Safeco Insurance Company of America.

2.    Plaintiff, Oscar Gonzalez (the "Plaintiff"), alleges that Safeco, an insurance company that does business in New Jersey, offering auto insurance, homeowner's insurance, and liability insurance, engaged in a pattern and practice of improperly automatically renewing policies and charging additional premiums to customers who had notified Safeco not to renew their policies.

3.    Plaintiff further alleges that for such customers who, like Plaintiff, had previously authorized Safeco to directly debit their bank accounts for premium charges, Safeco proceeded with unauthorized direct debits for renewal premiums.

4.    Plaintiff alleges that Safeco's actions constitute violations of the Electronic Funds Transfer Act of 1978 (15 U.S.C. § 1693, *et seq*., "EFTA") and the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, *et seq*., "CFA").

5.    On behalf of a proposed Class of similarly situated New Jersey consumers, Plaintiff seeks judgment against Safeco for remedies under EFTA, including statutory damages, attorney's fees, and costs, and also seeks judgment against Safeco for remedies under the CFA, including declaratory and injunctive relief, as well as treble damages, attorney's fees, and costs.

6.       Plaintiff, Oscar Gonzalez, is a citizen of New Jersey, residing in Columbus, New Jersey.

7.       Defendant Safeco Insurance Company of America is a company organized under the laws of the State of New Hampshire, with a principal place of business of 175 Berkeley Street, Boston, Massachusetts.

## II.       THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

8.       ***Timeliness.*** Plaintiff commenced this action on June 21, 2024, and Plaintiff's Complaint presents a federal question on its face. On July 10, 2024, the Commissioner of the New Jersey Department of Banking and Insurance accepted service of Plaintiff's Summons and Complaint on behalf of Safeco.

9.       Pursuant to 28 U.S.C. § 1446(b), the filing of this Notice of Removal and any related papers is timely because thirty (30) days have not yet elapsed since the Commissioner of the New Jersey Department of Banking and Insurance accepted service of Plaintiff's Summons and Complaint on Safeco's behalf.

10.      No previous application for removal has been made.

11.      ***Original & Supplemental Jurisdiction.*** Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12.      Pursuant to 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

3

13.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14.     In the instant action, removal to the United States District Court for the District of New Jersey is proper as this Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(a), since Plaintiff's suit arises under the laws of the United States – namely, the Electronic Funds Transfer Act of 1978 (15 U.S.C. § 1693, *et seq*.).

15.     Accordingly, removal of Plaintiff's state law claim to the United States District Court for the District of New Jersey is also proper because this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims under the New Jersey Consumer Fraud Act, which arise under the same facts as Plaintiff's EFTA claim such that they constitute part of the same "case or controversy" under Article III of the United States Constitution.

16.     ***Venue and Allocation***. Pursuant to 28 U.S.C. § 1441(a), the United States Court for the District of New Jersey is the district court having jurisdiction in this matter given the original venue is the Superior Court of New Jersey, Law Division, Burlington County. Venue is proper in the United States District Court for the District of New Jersey and allocation is properly in Camden because the action is pending in the Superior Court of New Jersey, Law Division, Burlington County, Plaintiff is a resident of Burlington County, and the allegations in the Complaint allegedly arose out of Burlington County.

III.    **THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

17.     Pursuant to 28 U.S.C. §§ 1446(a), a copy of the Complaint on file in the State Court is attached hereto as **Exhibit A**.

18.     Pursuant to 28 U.S.C. §§ 1446(b), a copy of the July 10, 2024, Notice of Service on Defendant issued by the Commissioner of the New Jersey Department of Banking and Insurance is attached hereto as **Exhibit B**.

19.     Pursuant to 28 U.S.C. §§ 1446(d), Safeco is simultaneously filing copies of this Notice of Removal (with exhibits and any related papers thereto), and a Notice of Filing Removal, with the Clerk's Office of the Superior Court of New Jersey, Burlington County, in order to effect removal of this action. A true and correct copy of the Notice of Filing Removal (and the exhibits annexed thereto) is attached hereto as **Exhibit C**. Additionally, Safeco has served a copy of this Notice of Removal on Plaintiff in the manner reflected in the annexed Certificate of Service.

20.     Simultaneously with the filing of this Notice of Removal, Safeco has also provided written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §§ 1446(d).

IV.    **CONCLUSION**

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant, Safeco Insurance Company of America respectfully requests that the above-captioned matter, now pending in the Superior Court of New Jersey, Law Division, Burlington County, be removed to the United States Court for the District of New Jersey. By this Notice, Safeco does not waive any objections it may have to service, jurisdiction, venue, or any other defenses or objections to this action. Safeco

intends no admission of fact, law or liability by this Notice, and reserves all defenses, motions and

pleas.

Respectfully submitted,

**CONNELL FOLEY LLP**
*Attorneys for Defendant,*
*Safeco Insurance Company of America*


By: */s/ Aaron H. Gould*          
Aaron H. Gould

Dated: August 7, 2024

6

15546631-1

## **CERTIFICATE OF SERVICE**

I certify that on August 7, 2024, I electronically filed a copy of this Notice of Removal with the Clerk of the Court using the CM/ECF system and also served a copy of this document upon counsel of record via CM/ECF and electronic email at the following address:

> Henry P. Wolfe, Esq.
> The Dann Law Firm
> 1520 U.S. Highway 130, Suite 101
> North Brunswick, New Jersey 08902
> hwolfe@dannlaw.com
> *Attorney for Plaintiff and those similarly situated*

*/s/ Aaron H. Gould*
Aaron H. Gould

7

15546631-1

# EXHIBIT

# A

Javier L. Merino, Esq. (NJ Attorney ID No. 078112014)
Andrew R. Wolf, Esq. (NJ Attorney ID No. 018621995)
Henry P. Wolfe, Esq. (NJ Attorney ID No. 031942005)
**THE DANN LAW FIRM PC**
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Tel: (732) 545-7900
Fax: (216) 373-0536
Email: notices@dannlaw.com
*Counsel for the Plaintiff and those similarly situated*

| | |
|---|---|
| **OSCAR GONZALEZ,** on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA,**<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-BURLINGTON COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: 001294-24<br><br>**SUMMONS** |

From: The State of New Jersey

To: **Safeco Insurance Company of America**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: June 27, 2024

/s/**Michelle M. Smith**
Michelle M. Smith
Clerk of the Superior Court of New Jersey

*Name of defendant to be served*:

Safeco Insurance Company of America

*Address for service*:

175 Berkeley Street, Boston, MA 02216

Page 2 of 2

Javier L. Merino, Esq. (NJ Attorney ID No. 078112014)
Andrew R. Wolf, Esq. (NJ Attorney ID No. 018621995)
Henry P. Wolfe, Esq. (NJ Attorney ID No. 031942005)
**THE DANN LAW FIRM PC**
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Tel: (732) 545-7900
Fax: (216) 373-0536
Email: notices@dannlaw.com
*Counsel for the Plaintiff and those similarly situated*

| | |
|---|---|
| **OSCAR GONZALEZ,** on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA,**<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-BURLINGTON COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.:<br><br>**CLASS ACTION COMPLAINT<br>AND<br>JURY DEMAND** |

Plaintiff Oscar Gonzalez ("Gonzalez"), on behalf of himself and others similarly situated, states as follows:

## NATURE OF THE ACTION

1.     Safeco Insurance Company of America ("Safeco") is an insurance company that does business in New Jersey, offering auto insurance, homeowner's insurance, and liability insurance.

2.     Gonzalez alleges that Safeco has engaged in a pattern and practice of improperly automatically renewing policies and charging additional premiums to customers who had notified Safeco not to renew their policies.

3.     For such customers who, like Gonzalez, had previously authorized Safeco to directly debit their bank accounts for premium charges, Safeco proceeded with unauthorized direct

debits for renewal premiums in violation of the federal Electronic Funds Transfer Act (EFTA), after customers revoked authorization for such debits by notifying Safeco not to renew their policies.

4.      These policies and practices violate the Consumer Fraud Act (CFA), which broadly prohibits, *inter alia*, abusive or unconscionable commercial practices.

5.      Gonzalez, on behalf of a proposed Class of similarly situated New Jersey consumers, seeks judgment against Safeco for remedies under the CFA, including declaratory and injunctive relief, as well as treble damages, attorney's fees, and costs.

6.      Gonzalez, on behalf of himself and a Sub-Class, seeks judgment against Safeco for remedies under EFTA, including statutory damages, attorney's fees, and costs.

## PARTIES

7.      Plaintiff Oscar Gonzalez is an individual who is a citizen of New Jersey.

8.      Safeco Insurance Company of America Safeco is a Massachusetts for profit corporation with its principal place of business located at 175 Berkeley Street, Boston, MA 02116.

## JURISDICTION AND VENUE

9.      Venue is proper in the Superior Court of New Jersey, Burlington County because the events and omissions giving rise to the claims substantially occurred there, and Gonzalez's policy at issue covered a vehicle located in Burlington, New Jersey.

## FACTUAL ALLEGATIONS

10.     On or about November 16, 2021, Gonzalez entered into an automobile insurance policy with Safeco for his 2016 Ford FR3, with an initial annual policy period of November 23, 2021 to November 23, 2022.

11.     Safeco collected Gonzalez's policy premiums via ACH (Automated Clearing House) debits from Gozalez's bank account, pursuant a written agreement preauthorizing such debits subject to revocation.

12.     The following year, Gonzalez renewed the policy for the period of November 23, 2022 to November 23, 2023, with a total premium of $2,963.40. A copy of the auto policy renewal is attached hereto as **Exhibit 1.**

13.     On November 20, 2023, Safeco issued Gonzalez a notice with policy terms for the annual period of November 23, 2023 to November 23, 2024, which reflected a substantially higher premium of $3,863 compared to the 2022 – 2023 period.  A copy of the notice is attached hereto as **Exhibit 2.**

14.     On or about November 21, 2023, Gonzalez notified Safeco that he did not wish to renew the policy and to cancel the policy as of November 23, 2023. Safeco memorialized this in a letter dated the same day, stating "we are canceling your Automobile insurance policy. Coverage will end at 12:01 a.m. standard time on November 23, 2023." A copy of this letter is attached hereto as **Exhibit 3.**

15.     Even though Safeco confirmed Gonzalez's policy cancellation effective November 23, 2023, Safeco proceeded with the policy renewal, against Gonzalez's wishes.

16.     On or about November 28, 2023, Safeco attempted to debit Gonzalez's bank account in the amount of $326.03 in conjunction with the policy renewal.

17.     Gonzalez instructed his bank to stop payment Safeco's attempted debit of the $326.03.

18.     Safeco mailed a notice to Gonzalez dated November 28, 2023 captioned "Returned Payment Notice," stating, in relevant part, "A recent deduction of $326.03 from your account was

returned by your bank with A recent deduction of $326.03 from your account was returned by your bank with the indication that they could not honor it because of Stop Payment… As a result of the above activity, a balance of $326.03 remains due on this account." A copy of the letter is attached hereto as **Exhibit 4.**

19.    After issuing the November 28, 2023 Return Payment Notic, Safeco aggressively pursued collection of the purported $326.03 debt

20.    Sometime after November 28, 2023, Safeco retained a retained a third-party debt collector, Credit Collection Services, which sent a letter to Gonzalez dated January 12, 2024 stating, in relevant part, "Credit Collection Services is a debt collector. We are trying to collect a debt that you owe to SAFECO INSURANCE. We will use any information you give us to help collect the debt. Total amount of debt now: $326.03". A copy of the letter is attached hereto as **Exhibit 5**.

21.    Sometime after November 28, 2023, Safeco or its collection agent caused negative entries to appear on Gonzalez's credit reports with one or more of the major credit reporting agencies. See **Exhibit 6.** (An excerpt from Gonzalez's credit report with Experion generated April 2, 2024, reporting that the purported $326.03 debt to Safeco as "past due.")

22.    As a result of Safeco's conduct, Gonzalez has suffered ascertainable loss in the amount of the $326.03 unlawfully imposed, improper debt.

23.    As a result of Safeco's conduct, Gonzalez has suffered damages including, but not limited to, diminishment of his credit rating and emotional distress.

## CLASS ACTION ALLEGATIONS

24.    Gonzalez brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32-1(b)(2) and (b)(3) of the New Jersey Rules of Court.

25.     Gonzalez seeks certification of a Class (the "Class") initially defined as follows:

Any person listed as a party in any Safeco insurance policy, with a New Jersey address as listed in the policy, who, according to Safeco's records, provided notice to Safeco that the person did not wish to renew the policy beyond the policy period in effect at the time of notice, and who was then were invoiced, billed, or otherwise charged by Safeco for any portion of the premium for the subsequent policy period at any time within the proposed class period.

The "proposed class period" means six years prior to the date of filing of this Complaint through the date of certification of the proposed Class. "Safeco" means Safeco or any of its agents.

26.     Gonzalez seeks certification of a Subclass (the "Subclass") initially defined as follows:

Any natural person described in the Class definition, from whom Safeco collected or attempted to collect payment for any portion of the premium for the subsequent policy period referenced in the Class definition by direct ACH (Automated Clearing House) debit of the person's bank account within the proposed subclass period.

The "proposed subclass period" means 1 year prior to the date of filing of this Complaint though the date of certification of the proposed Subclass. "Safeco" means Safeco or any of its agents.

Excluded from the Subclass is any person who, according to Safeco's records, maintained the policy primarily for business or governmental purposes, and not primarily for personal, family, or household purposes.

27.     The members of the proposed Class and Subclass are so numerous that joinder of all members of the class is impracticable.

28.     There are questions of law and fact common to the members of the Class. These common questions include:

○   Whether Safeco has a policy or practice of renewing insurance policies after their customers indicate they will not be renewing the same;

○   Whether Safeco committed an abusive or unconscionable commercial practice, deception, fraud, pretense, false promise, and /or misrepresentation, or other affirmative acts in

violation of the CFA by renewing insurance policies even though their customers instructed Safeco not to renew them;

o  Whether Safeco's invoicing and attempts to collect premiums for the renewed policy periods constitute "ascertainable loss" under the CFA;

o  Whether Safeco committed an abusive or unconscionable commercial practice, deception, fraud, pretense, false promise, and /or misrepresentation, or other affirmative acts in violation of the CFA by renewing policies and charging premiums for renewed policy periods after receiving notices from consumers' elections not to renew their policies.

29.    There are questions of law and fact common to the members of the Subclass. These common questions include

o  Whether the Subclass members withdrew their prior preauthorization for direct ACH debits of future renewal premiums by notifying Safeco that they did not wish to renew their policies;

o  Whether Safeco violated EFTA, Regulation E, at 12 C.F.R. § 1005.10(b) by proceeding with unauthorized ACH debits of the Subclass members' bank accounts;

o  Whether Safeco violated EFTA, Regulation E, at 12 C.F.R. § 1005.10(b) by proceeding with unauthorized ACH debits of the Subclass members' bank accounts for renewed policies with different pricing and other terms from the previous period, without affording an opportunity to reject the changed terms before directly debiting their accounts for payment for the renewal policies.

o  Whether Safeco is liable to the Subclass members for statutory damages and other remedies under EFTA, at 15 U.S.C. § 1693m

30.    Safeco has acted, or refused to act, on grounds generally applicable to Gonzalez and all Class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31.    Gonzalez's claims are typical of the claims of the members of the Class and Subclass which he represents because all such claims arise out of the same policies, practices, and conduct, and the same or similar form documents or letters used by Safeco in their dealings with Gonzalez and each member of the putative Class and Subclass.

32.    Gonzalez will fairly and adequately protect the interests of the class and has retained competent counsel experienced in the prosecution of consumer litigation and class actions. Proposed Class Counsel has investigated and identified potential claims in the action. Proposed Class Counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

33.    The questions of law or fact common to the members of the Class and Subclass predominate over any questions affecting only individual members.

34.    A class action is superior to other available methods for the fair and efficient adjudication of these controversies since joinder of all members of both classes is impracticable.

35.    The Class and Subclass, of which Gonzalez is a member, are each readily identifiable from Safeco's records.

36.    Gonzalez does not anticipate any difficulty in the management of this litigation.

37.    While the economic damages suffered by the individual members of the class are significant, the amount is modest compared to the expense and burden of individual litigation.

38.    A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort, and expense.

## CLASS CLAIMS

### COUNT ONE
**(Asserted by Gonzalez on behalf of himself and the proposed Class)**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ("CFA")**

39.    The New Jersey Consumer Fraud Act ("CFA"), at N.J.S.A. 56:8-2, prohibits "[t]he act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, [or] misrepresentation... in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby..."

40.    "Merchandise" under N.J.S.A. 56:8-2 includes insurance policies and products.

41.    Safeco engaged in abusive practices, unconscionable commercial practices, deception, fraud, false promises, and/or misrepresentations *in connection with* its sale of insurance and subsequent performance thereof to Gonzalez and the putative Class members, including, but not limited to, the following:

  a.  Debiting payment for renewal period premiums from Gonzalez and other putative Class members by ACH or other means of electronic fund transfer, after they withdraw authorization for such payments by notifying Safeco to cancel and not to renew their policies.

  b.  Renewing the insurance policies of Gonzalez and other putative Class members, after receiving instructions from them not to renew the policies;

  c.  Representing to Gonzalez and other putative Class members that their policies were canceled and would not be renewed, but then collecting premium payments for subsequent policy periods by ACH or other means of automatic payment;

d. Violating other consumer protection statutes in collecting or collecting to attempt renewal premiums through electronic fund transfers without the consumers' authorization, including the EFTA and the National Automated Clearing House Association (NACHA) Rules, 31 C.F.R. § 210.

42. N.J.S.A. 56:8-19 provides for a private right of action for treble damages, equitable relief, and reasonable attorney's fees and costs to consumers who suffer "any ascertainable loss" resulting from any violation of the CFA.

43. Under New Jersey precedent, "ascertainable loss" under the CFA includes imposition of improper debt, and consumers who suffer such loss are not required to pay improper debts imposed against them prior to filing an action under N.J.S.A. 56:8-2.

44. Gonzalez and the other putative Class members suffered ascertainable loss as a result of Safeco's CFA violations in the form of imposition of improper debt, in the amount of the improperly billed premium, which for Gonalez was $326.00.

**COUNT TWO**
**(Asserted by Gonzalez on behalf of himself and the proposed Sublass)**
**VIOLATIONS OF THE ELECTRONIC FUND TRANSFERS ACT (EFTA)**
**15 U.S.C. § 1693 and 12 C.F.R. § 1005**

45. The direct ACH (Automated Clearing House) debit of Gonzalez's and the proposed Subclass members' bank accounts were "electronic fund transfers" subject to the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693, and its implementing regulation, 12 C.F.R. § 1005, Federal Reserve Board Regulation E ("Regulation E")

46. The EFTA requires that all preauthorized transfers from consumers' accounts must be authorized by the consumer.   12 C.F.R. § 1005.10(b); 15 U.S.C. § 1693e(a)("A preauthorized

electronic fund transfer from a consumer's account may be authorized by the consumer only in writing…").

47.      By notifying Safeco that they did not wish to renew their policies, Gonzalez and the proposed Subclass members effectively revoked their prior authorizations for Safeco to make electronic fund transfers from their accounts.

48.      Safeco violated EFTA's authorization requirement set forth at 12 C.F.R. § 1005.10(b) and the initial clause 15 U.S.C. § 1693e(a) by proceeding with direct ACH debits of Gonzalez's and the proposed Subclass members' accounts after they revoked their authorization for such electronic transfers,

49.      EFTA further requires that "when a preauthorized electronic fund transfer from the consumer's account will vary in amount from the previous transfer under the same authorization…the designated payee… shall send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer." 12 C.F.R. § 1005.10(d)(1).

50.      Implicit in this duty to provide consumers 10 days' notice before debiting their accounts in different amounts than previously authorized is a right for consumers to reasonable time and opportunity to act on such notice to discontinue such varying direct debits *before* they are initiated.

51.      Safeco violated 12 C.F.R. § 1005.10(d)(1) by failing to afford Gonzalez and the proposed Subclass *any* time or opportunity to reject and discontinue direct ACH payments for the changed premium amounts reflected in the policy renewal notices.

52.      EFTA, at 15 U.S.C. § 1693m(a), provides for civil liability, including class liability, against any "any person who fails to comply with any provision of this subchapter with respect to

any consumer," and provides for remedies including actual damages, statutory damages, and reasonable attorney's fees and costs.

**WHEREFORE**, Gonzalez, on behalf of himself and others similarly situated, requests the following relief:

**I.      As to Count One,**

A.      An order certifying this matter as a class action pursuant to R. 4:32-1(b)(2) and (b)(3) with respect to the Consumer Fraud Act (CFA) claims asserted at Count One, appointing the named Plaintiff, Oscar Gonzalez as representative of the Class, and appointing The Dann Law Firm, P.C. and the attorneys named in the above caption as class counsel, with the Class initially defined as follows:

> Any person listed as a party in any Safeco insurance policy, with a New Jersey address as listed in the policy, who, according to Safeco's records, provided notice to Safeco that the person did not wish to renew the policy beyond the policy period in effect at the time of notice, and who was then were invoiced, billed, or otherwise charged by Safeco for any portion of the premium for the subsequent policy period at any time within the proposed class period.

> The "proposed class period" means six years prior to the date of filing of this Complaint through the date of certification of the proposed Class. "Safeco" means Safeco or any of its agents.

B.      A judgment against Defendant Safeco awarding Gonzalez and the Class members monetary remedies under the CFA, at N.J.S.A. 56:8-2, including treble damages, reasonable attorney's fees and costs, along with pre-judgment and post-judgment interest and such other relief as the Court deems just and equitable.

C.      A judgment against Defendant Safeco awarding Gonzalez and the Class members equitable remedies under the CFA, at N.J.S.A. 56:8-2, including a declaratory judgment, in accordance with the Uniform Declaratory Judgments Act (UDJA), N.J.S.A. 2A:16-51 *et seq.,* ruling that Safeco's conduct as alleged herein constitutes abusive commercial practices, unconscionable commercial practices, or other unlawful practices enumerated at N.J.S.A. 56:8-2, along with corresponding injunctive relief prohibiting Safeco from engaging in such conduct in any future transactions with New Jersey consumers, along with reasonable attorney's fees and costs and such other relief as the Court deems just and equitable.

**II. As to Count Two,**

A.      An order certifying this matter as a class action pursuant to R. 4:32-1(b)(3) with respect to the Electronic Fund Transfers Act (EFTA) claims asserted on behalf of Gonzalez and the Subclass at Count Two, appointing the named Plaintiff, Oscar Gonzalez as representative of the Sublass, and appointing The Dann Law Firm, P.C. and the attorneys named in the above caption as class counsel for the Subclass, with the Subclass initially defined as follows:

> Any natural person described in the Class definition, from whom Safeco collected or attempted to collect payment for any portion of the premium for the subsequent policy period referenced in the Class definition by direct ACH (Automated Clearing House) debit of the person's bank account within the proposed subclass period.

> The "proposed subclass period" means 1 year prior to the date of filing of this Complaint though the date of certification of the proposed Subclass. "Safeco" means Safeco or any of its agents.

> Excluded from the Subclass is any person who policy or related Safeco records was purchased specify purchased the policy for   , according to Safeco's records, purchased or maintained the policy for a specified primarily purpose that was other than personal, family, or household purposes.

B.    A judgment against Defendant Safeco awarding Gonzalez and the Subclass

members all remedies available under EFTA, at 15 U.S.C. § 1693m(a), including statutory

damages in the maximum authorized amount, along with reasonable attorney's fees and

costs of suit. Gonzalez further requests, on behalf of himself and the Subclass, pre-

judgment and post-judgment interest and such other relief as the Court deems just and

equitable.

## JURY DEMAND

Plaintiff, on behalf of himself and those similarly situated, demands a trial by jury on all
issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Javier L. Merino, Esq is hereby designated as trial counsel for the
Plaintiff in the above matter.

## NOTICE TO ATTORNEY GENERAL OF THIS ACTION

A copy of this Complaint shall be emailed to the Attorney General of the State of N.J. within
24 hours after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

## CERTIFICATION

Pursuant to *R.* 4:5-1, I hereby certify that, to the best of my knowledge, the matter in
controversy is not the subject of any other action pending in any court or the subject of a pending
arbitration proceeding, nor is any other action or arbitration proceeding contemplated, however,
Plaintiff is considering bringing an action against a non-party debt collection agency called Credit
Collection Services for violations of the federal Fair Debt Collection Practices Act committed
while attempting to collect an alleged debt on behalf of Defendant Safeco, as described herein. I
further certify that I know of no parties who should be joined in the action at this time, other than
those named herein.


Dated: June 17, 2024              s/ Henry P. Wolfe
                                  Henry P. Wolfe, Esq.
                                  The Dann Law Firm, PC

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****



**Safeco Insurance**™
A Liberty Mutual Company

HELMSMAN INSURANCE AGENCY
PO BOX 704000
SALT LAKE CITY   UT   84170-4000

October 16, 2022

Policy Number: ███████
24-Hour Claims: 1-800-578-6701
Policy Service: 1-800-578-6701
Online Account Services: www.safeco.com

OSCAR GONZALEZ
209 DRAGOON ST
HUACHUCA CITY AZ  85616-9708

**THIS IS NOT A BILL.**
**IDENTIFICATION CARDS ENCLOSED**

Countersigned by:
Authorized Representative

for HELMSMAN INSURANCE AGENCY

Thank you for allowing Safeco to continue serving your auto insurance needs.  We appreciate your business and the trust that you have placed in us.

Please place the enclosed insurance identification cards in the vehicle listed on the card.

Your new 12-month policy period will begin on November 23, 2022.  Your policy will renew automatically if you continue to pay the premium.
The renewal premium is $2,963.40.

This is not a bill.  Your bill will be sent separately about 25 days before it is due.  It will provide more information about amounts you may pay and your payment due date.  For more information about fees, please see the enclosed policy declarations page and the back of your billing statement.

A $185.72 payment for your recent bill will be deducted on October 23, 2022.

If you have any questions or wish to make any changes to your policy, you can do so by calling us at 1-800-578-6701.

Thank you for entrusting us with your insurance needs.

Tyler Asher
President, Safeco Insurance

**SAFECO INSURANCE COMPANY OF AMERICA**

OC-429/EP 10/13

**Exhibit 1 to Complaint, Page 1 of 1**

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****


A Liberty Mutual Company

HELMSMAN  INSURANCE  AGENCY
PO BOX 704000
SALT LAKE CITY   UT   84170-4000

November  20, 2023

Policy  Number: ▆▆▆▆▆▆▆
24-Hour Claims:  1-800-578-6701
Policy Service:  1-800-578-6701
Online Account Services:  www.safeco.com

**THIS IS NOT A BILL.**

OSCAR  GONZALEZ
3 ELIZABETH  LN
COLUMBUS  NJ  08022-2352

Countersigned by:
Authorized Representative

for HELMSMAN  INSURANCE  AGENCY

Thank you for allowing  us to continue  serving  your insurance  needs.

To ensure you are receiving  the best coverage and value available, the following  changes  have been made to your 12-month automobile  policy, including  those requested by you or your agent or broker.

> Your name and address information  is amended  to read:
> OSCAR  GONZALEZ
> 3 ELIZABETH  LN
> COLUMBUS  NJ 08022-2352

> Although  you have moved, your existing  agent is licensed  to write business  anywhere in the state and can continue  to service  your policy regardless  of your location.   If you have any questions  regarding  this new arrangement,  please contact your agent.

2016 MOTOR  HOME  25DS FORD
   - Underinsured  Motorists  Bodily  Injury  coverage  is rejected.
   - The location  address  is changed  to:
     209 DRAGOON  ST
     HUACHUCA  CITY AZ 85616-9708
     County:   COCHISE

This change is effective November 20, 2023.   Please place this letter with your insurance  policy. Information  on coverages and limits  can be found on the revised Declarations  page, enclosed.

The credit for this change is $25.51.   The billing  for this amount will be explained  on your next billing  statement.   A $326.03 payment  for the outstanding  bill on your account  will be deducted  on November  23, 2023.

If you have any questions  or wish to make any changes  to your policy, you can do so by calling us at 1-800-578-6701.

PLEASE  SEE REVERSE
**SAFECO INSURANCE  COMPANY  OF AMERICA**

OC-429/EP  10/13

**Exhibit 2 to Complaint,  Page 1 of 2**

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

We appreciate the opportunity to serve you.   Thank you.


Personal Lines Underwriting

Exhibit 2 to Complaint,  Page 2 of 2

 **Safeco** Insurance™

A Liberty Mutual Company

SAFECO INSURANCE COMPANY OF AMERICA
**\*000291\***         P O BOX 704000, SALT LAKE CITY, UT 84170

HELMSMAN INSURANCE AGENCY                    NOVEMBER 21, 2023
PO BOX 704000
SALT LAKE CITY    UT    84170-4000


AGENT TELEPHONE:    1-800-578-6701

|||||||||||||||||||||||||||||||||||||||||||||||||

 OSCAR GONZALEZ
3 ELIZABETH LN
COLUMBUS NJ  08022-2352


Re: Notice of Cancellation —     Automobile Policy ▮▮▮▮▮▮

Dear Policyholder,

Per your request, we are canceling your Automobile insurance
policy. Coverage will end at 12:01 a.m. standard time on November
23, 2023.

Thank you for your past business. We look forward to serving you
again soon.

SAFECO INSURANCE COMPANY OF AMERICA
Personal Lines Underwriting


Exhibit 3 to Complaint,  Page 1 of 1
INSURED'S COPY

**Safeco** Insurance™
A Liberty Mutual Company

HELMSMAN INSURANCE AGENCY
PO BOX 704000
SALT LAKE CITY   UT   84170

AGENT TELEPHONE:   1-800-578-6701

**RETURNED PAYMENT NOTICE**

| ACCOUNT NUMBER | DUE DATE |
|---|---|
| ▓▓▓▓▓▓ | DEC 18 23 |

•000044•

OSCAR GONZALEZ
3 ELIZABETH LN
COLUMBUS     NJ     08022-2352

| DATE PREPARED | AMOUNT DUE |
|---|---|
| NOV 28 23 | $326.03 |

IF YOU NEED ASSISTANCE OR ADDITIONAL
INSURANCE, PLEASE CONTACT YOUR AGENT.

A recent deduction of $326.03 from your account was returned by your bank with
the indication that they could not honor it because of Stop Payment. Please
contact your bank if you have any questions regarding why your deduction was
not allowed.

As a result of the above activity, a balance of $326.03 remains due on this
account. To clear this amount, we would appreciate a payment by
December 18, 2023.

If you have any questions, please call your agent.



OA-41/EP 3/09

**206**  16-1551

⬆ **Please fold, detach at perforation and return this** ⬆
**portion with your payment in the enclosed envelope**

G2

OC-541/EP 10/18

**$326.03**   **Returned Payment**

| Account Number | Due Date |
|---|---|
| ▓▓▓▓▓ | **PAST DUE** |

To avoid a late fee pay by due date above

SAFECO INSURANCE
PO BOX 1438
NEW YORK, NY 10116-1438

OSCAR GONZALEZ

Exhibit 4 to Complaint,  Page 1 of 1

Credit Collection Services
P.O. Box 607
Norwood, MA 02062-0607
(800) 326-6400 from 8am to 8pm EST, Monday to Friday
www.ccspayment.com

01/12/24

To:   OSCAR GONZALEZ
      3 ELIZABETH LN

      COLUMBUS, NJ 08022-2352

Reference: 



**Credit Collection Services is a debt collector.** We are trying to collect a debt that you owe to SAFECO INSURANCE. We will use any information you give us to help collect the debt.

## Our Information Shows:

| | | |
|---|---|---|
| You had an account with SAFECO INSURANCE with account number | | |
| As of December 19, 2023, you owed: | $ | 326.03 |
| Between December 19, 2023 and today: | | |
| You were charged this amount in interest: | + $ | 0.00 |
| You were charged this amount in fees: | + $ | 0.00 |
| You paid or were credited this amount toward the debt: | - $ | 0.00 |
| **Total amount of debt now:** | $ | 326.03 |

## How can you dispute the debt?

- **Call or write to us by February 19, 2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by February 19, 2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.ccspayment.com.

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by February 19, 2024, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.ccspayment.com.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

---

010105.wfa   0121   618101   00001418   1 or 2

P.O. Box 607
Norwood, MA 02062-0607



OSCAR GONZALEZ
3 ELIZABETH LN
COLUMBUS, NJ 08022-2352

## How do you want to respond?

*Check all that apply*
- ☐ **I want to dispute the debt because I think:**
  - ☐ This is not my debt.
  - ☐ The amount is wrong.
  - ☐ Other (please describe on reverse or attach additional information).
- ☐ **I want you to send me the name and address of the original creditor.**
- ☐ **I enclosed this amount:** [$          ]
  Make your check payable to *SAFECO INSURANCE.*
  Include the reference number 05 0082 71554.

**Mail this form to:**
Credit Collection Services
P.O. Box 607
Norwood, MA 02062-0607

Exhibit 5 to Complaint,  Page 1 of 1



**Prepared For**

# OSCAR GONZALEZ

Personal & confidential

Date generated: Apr 2, 2024

## At a glance

FICO® Score



FICO'SCORE 8
Experian data Apr 2, 2024

300 ——————————————————————— 850

Fair

### Account summary

| | |
|---|---|
| Open accounts | 6 |
| Self-reported accounts | 0 |
| Accounts ever late | 2 |
| Closed accounts | 0 |
| Collections | 1 |
| Average account age | 5 yrs 6 mos |
| Oldest account | 12 yrs 5 mos |

### Overall credit usage



**74 %**

Credit used: **$5,073**

Credit limit: **$6,850**

### Debt summary

| | |
|---|---|
| Credit card and credit line debt | |
| Self-reported account balance | |
| Loan debt | |
| Collections debt | |
| Total debt | |



Exhibit 6 to Complaint,  Page 1 of 2

 **experian.**

Prepared For OSCAR GONZALEZ    Date generated: Apr 2, 2024

# Collection accounts

| CREDIT COLLECTION SERV | $326 |
| Original creditor: **SAFECO IN.** | Closed |

### Account info

| | | | |
|---|---|---|---|
| Account name | **CREDIT COLLECTION SERV** | Balance | $326 |
| Account number | **827155X** | Balance updated | Mar 26, 2024 |
| Original creditor | **SAFECO IN.** | Original balance | $326 |
| Company sold | - | Monthly payment | - |
| Account type | **Collection** | Past due amount | $326 |
| Date opened | **Jan 10, 2024** | Terms | **1 Month** |
| Status | **Collection account. $326 past due as of Mar 2024.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Jan 2024** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | - | - | C | - | - | - | - | - | - | - | - | - |

C Collection       - Data Unavailable

### Contact info

| Address | **725 CANTON ST NORWOOD, MA 02062 NORWOOD, MA 02062** |
| Phone number | **(617) 965-2000** |

### Comments

-

Exhibit 6 to Complaint,  Page 2 of 2

# EXHIBIT

# B



## 𝕾𝖙𝖆𝖙𝖊 𝖔𝖋 𝕹𝖊𝖜 𝕵𝖊𝖗𝖘𝖊𝖞
### Department of Banking and Insurance
### Office of the Commissioner

**Phil Murphy**
*Governor*

PO Box 325
Trenton, NJ 08625-0325

**Justin Zimmerman**
*Acting Commissioner*

**Tahesha L. Way**
*Lt. Governor*

Tel (609) 633-7667

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

7/10/2024

Attention:

CORPORATION SERVICE COMPANY
SAFECO INSURANCE COMPANY OF AMERICA
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BLVD., SUITE 160
EWING, NJ 08628

RE: Oscar Gonzalea, on behalf of himself and those similarly situated v.
SAFECO Insurance Company of America.
Superior Court of New Jersey, Burlington County Law Division
Docket No.: BUR-L-1294-24

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

**Margie Greco**
Administrative Assistant

C:  The Dann Law Firm, PC
Attn: Javier L. Merino, Esq.
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902

---

*Visit us on the Web at dobi.nj.gov*

*New Jersey is an Equal Opportunity Employer*     *Printed on Recycled Paper and Recyclable*

# EXHIBIT

# C

Aaron H. Gould (015532009)
**CONNELL FOLEY LLP**
Harborside 5
185 Hudson Street, Suite 2510
Jersey City, NJ 07311
Ph: 201.521.1000
Fax: 201.521.0100
AGould@connellfoley.com
*Attorneys for Defendant, Safeco Insurance Company of America*

| | |
|---|---|
| **OSCAR GONZALEZ**, on behalf of himself and those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - BURLINGTON COUNTY<br><br>Docket No.: BUR-L-1294-24<br><br>CIVIL ACTION<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:**  Clerk, Superior Court of New Jersey
      Burlington County Courthouse
      49 Rancocas Road
      Mt. Holly, New Jersey 08060

      Henry P. Wolfe, Esq.
      The Dann Law Firm
      1520 U.S. Highway 130, Suite 101
      North Brunswick, New Jersey 08902
      *Attorney for Plaintiff and those similarly situated*

**COUNSEL:**

    **PLEASE TAKE NOTICE** that Defendant, Safeco Insurance Company of America

("Safeco"), on this date, filed a Notice of Removal, a copy of which is attached hereto as Exhibit

1 and made a part hereof, with the Office of the Clerk of the United States District Court for the

District of New Jersey in Camden, New Jersey, thereby effecting removal of this action to the

United States District Court of New Jersey. At the same time, Safeco's Notice of Removal has

been filed with the Clerk, Superior Court of New Jersey, Law Division, Burlington County, to

effect removal of this action to the United States District Court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446. Pursuant to 28 U.S.C. § 1446(d), the Superior Court of New Jersey, Law Division, shall proceed no further in its disposition of this case unless the case is remanded. By this Notice of Filing of Removal, Safeco does not waive any objections it may have to service, jurisdiction or venue, or any other defenses or objections to this action.

Respectfully submitted,

**CONNELL FOLEY LLP**
*Attorneys for Defendant,*
*Safeco Insurance Company of America*


By: */s/ Aaron H. Gould*_____
Aaron H. Gould

Dated: August 7, 2024

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 7, 2024, a copy of this Notice of State Court of Filing of Notice

of Removal was served on the following counsel of record via eCourts and electronic mail at the

following address:

> Henry P. Wolfe, Esq.
> The Dann Law Firm
> 1520 U.S. Highway 130, Suite 101
> North Brunswick, New Jersey 08902
> hwolfe@dannlaw.com
> *Attorney for Plaintiff and those similarly situated*

> */s/ Aaron H. Gould*
> Aaron H. Gould

15546587-1

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OSCAR GONZALEZ**, on behalf of himself and those similarly situated<br><br>Plaintiff,<br>v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**,<br><br>Defendant. | **Civil Action No.** 1:24-cv-08336<br><br><br>**NOTICE OF REMOVAL** |

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

> Clerk, United States District Court
> District of New Jersey
> Mitchell H. Cohen Building & U.S. Courthouse
> 4th & Cooper St, Room 1050
> Camden, New Jersey 08101
>
> Clerk, Superior Court of New Jersey
> Burlington County Courthouse
> 49 Rancocas Road
> Mt. Holly, New Jersey 08060
>
> Henry P. Wolfe, Esq.
> The Dann Law Firm
> 1520 U.S. Highway 130, Suite 101
> North Brunswick, New Jersey 08902
> *Attorney for Plaintiff and those similarly situated*

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant, Safeco Insurance Company of America ("Safeco"), hereby files this Notice of Removal, removing the case from the Superior Court of New Jersey, Law Division of Burlington

15546631-1

County, to the United States District Court, District of New Jersey, Camden Vicinage. In support of this Notice, Safeco states as follows:

## I.    BACKGROUND AND PARTIES

1.    The removed case is a civil action filed on or around June 21, 2024, in the Superior Court of New Jersey, Law Division of Burlington County, having been assigned Docket Number BUR-L-1294-24 and captioned Oscar Gonzalez v. Safeco Insurance Company of America.

2.    Plaintiff, Oscar Gonzalez (the "Plaintiff"), alleges that Safeco, an insurance company that does business in New Jersey, offering auto insurance, homeowner's insurance, and liability insurance, engaged in a pattern and practice of improperly automatically renewing policies and charging additional premiums to customers who had notified Safeco not to renew their policies.

3.    Plaintiff further alleges that for such customers who, like Plaintiff, had previously authorized Safeco to directly debit their bank accounts for premium charges, Safeco proceeded with unauthorized direct debits for renewal premiums.

4.    Plaintiff alleges that Safeco's actions constitute violations of the Electronic Funds Transfer Act of 1978 (15 U.S.C. § 1693, *et seq.*, "EFTA") and the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1, *et seq.*, "CFA").

5.    On behalf of a proposed Class of similarly situated New Jersey consumers, Plaintiff seeks judgment against Safeco for remedies under EFTA, including statutory damages, attorney's fees, and costs, and also seeks judgment against Safeco for remedies under the CFA, including declaratory and injunctive relief, as well as treble damages, attorney's fees, and costs.

2

6.      Plaintiff, Oscar Gonzalez, is a citizen of New Jersey, residing in Columbus, New Jersey.

7.      Defendant Safeco Insurance Company of America is a company organized under the laws of the State of New Hampshire, with a principal place of business of 175 Berkeley Street, Boston, Massachusetts.

## II.      THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

8.      *Timeliness.* Plaintiff commenced this action on June 21, 2024, and Plaintiff's Complaint presents a federal question on its face. On July 10, 2024, the Commissioner of the New Jersey Department of Banking and Insurance accepted service of Plaintiff's Summons and Complaint on behalf of Safeco.

9.      Pursuant to 28 U.S.C. § 1446(b), the filing of this Notice of Removal and any related papers is timely because thirty (30) days have not yet elapsed since the Commissioner of the New Jersey Department of Banking and Insurance accepted service of Plaintiff's Summons and Complaint on Safeco's behalf.

10.     No previous application for removal has been made.

11.     *Original & Supplemental Jurisdiction.* Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12.     Pursuant to 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

3

13.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14.     In the instant action, removal to the United States District Court for the District of New Jersey is proper as this Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(a), since Plaintiff's suit arises under the laws of the United States – namely, the Electronic Funds Transfer Act of 1978 (15 U.S.C. § 1693, *et seq.*).

15.     Accordingly, removal of Plaintiff's state law claim to the United States District Court for the District of New Jersey is also proper because this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims under the New Jersey Consumer Fraud Act, which arise under the same facts as Plaintiff's EFTA claim such that they constitute part of the same "case or controversy" under Article III of the United States Constitution.

16.     ***Venue and Allocation.*** Pursuant to 28 U.S.C. § 1441(a), the United States Court for the District of New Jersey is the district court having jurisdiction in this matter given the original venue is the Superior Court of New Jersey, Law Division, Burlington County. Venue is proper in the United States District Court for the District of New Jersey and allocation is properly in Camden because the action is pending in the Superior Court of New Jersey, Law Division, Burlington County, Plaintiff is a resident of Burlington County, and the allegations in the Complaint allegedly arose out of Burlington County.

III.    **THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

17.    Pursuant to 28 U.S.C. §§ 1446(a), a copy of the Complaint on file in the State Court is attached hereto as **Exhibit A**.

18.    Pursuant to 28 U.S.C. §§ 1446(b), a copy of the July 10, 2024, Notice of Service on Defendant issued by the Commissioner of the New Jersey Department of Banking and Insurance is attached hereto as **Exhibit B**.

19.    Pursuant to 28 U.S.C. §§ 1446(d), Safeco is simultaneously filing copies of this Notice of Removal (with exhibits and any related papers thereto), and a Notice of Filing Removal, with the Clerk's Office of the Superior Court of New Jersey, Burlington County, in order to effect removal of this action. A true and correct copy of the Notice of Filing Removal (and the exhibits annexed thereto) is attached hereto as **Exhibit C**. Additionally, Safeco has served a copy of this Notice of Removal on Plaintiff in the manner reflected in the annexed Certificate of Service.

20.    Simultaneously with the filing of this Notice of Removal, Safeco has also provided written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §§ 1446(d).

IV.    **CONCLUSION**

Pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, Defendant, Safeco Insurance Company of America respectfully requests that the above-captioned matter, now pending in the Superior Court of New Jersey, Law Division, Burlington County, be removed to the United States Court for the District of New Jersey. By this Notice, Safeco does not waive any objections it may have to service, jurisdiction, venue, or any other defenses or objections to this action. Safeco

5

intends no admission of fact, law or liability by this Notice, and reserves all defenses, motions and

pleas.

Respectfully submitted,

**CONNELL FOLEY LLP**
*Attorneys for Defendant,*
*Safeco Insurance Company of America*


By: */s/ Aaron H. Gould*
    Aaron H. Gould

Dated: August 7, 2024

6

## **CERTIFICATE OF SERVICE**

I certify that on August 7, 2024, I electronically filed a copy of this Notice of Removal with the Clerk of the Court using the CM/ECF system and also served a copy of this document upon counsel of record via CM/ECF and electronic email at the following address:

> Henry P. Wolfe, Esq.
> The Dann Law Firm
> 1520 U.S. Highway 130, Suite 101
> North Brunswick, New Jersey 08902
> hwolfe@dannlaw.com
> *Attorney for Plaintiff and those similarly situated*

*/s/ Aaron H. Gould*

Aaron H. Gould

7

15546631-1

# EXHIBIT

# A

Javier L. Merino, Esq. (NJ Attorney ID No. 078112014)
Andrew R. Wolf, Esq. (NJ Attorney ID No. 018621995)
Henry P. Wolfe, Esq. (NJ Attorney ID No. 031942005)
**THE DANN LAW FIRM PC**
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Tel: (732) 545-7900
Fax: (216) 373-0536
Email: notices@dannlaw.com
*Counsel for the Plaintiff and those similarly situated*

| | |
|---|---|
| **OSCAR GONZALEZ**, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-BURLINGTON COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: 001294-24<br><br><br><br>**SUMMONS** |

From: The State of New Jersey

To: **Safeco Insurance Company of America**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: June 27, 2024                          /s/**Michelle M. Smith**
                                             Michelle M. Smith
                                             Clerk of the Superior Court of New Jersey

***Name of defendant to be served:***        Safeco Insurance Company of America

***Address for service:***                   175 Berkeley Street, Boston, MA 02216

Javier L. Merino, Esq. (NJ Attorney ID No. 078112014)
Andrew R. Wolf, Esq. (NJ Attorney ID No. 018621995)
Henry P. Wolfe, Esq. (NJ Attorney ID No. 031942005)
**THE DANN LAW FIRM PC**
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
Tel: (732) 545-7900
Fax: (216) 373-0536
Email: notices@dannlaw.com
*Counsel for the Plaintiff and those similarly situated*

| | |
|---|---|
| **OSCAR GONZALEZ,** on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA,**<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-BURLINGTON<br>COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.:<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Plaintiff Oscar Gonzalez ("Gonzalez"), on behalf of himself and others similarly situated, states as follows:

**NATURE OF THE ACTION**

1.      Safeco Insurance Company of America ("Safeco") is an insurance company that does business in New Jersey, offering auto insurance, homeowner's insurance, and liability insurance.

2.      Gonzalez alleges that Safeco has engaged in a pattern and practice of improperly automatically renewing policies and charging additional premiums to customers who had notified Safeco not to renew their policies.

3.      For such customers who, like Gonzalez, had previously authorized Safeco to directly debit their bank accounts for premium charges, Safeco proceeded with unauthorized direct

debits for renewal premiums in violation of the federal Electronic Funds Transfer Act (EFTA), after customers revoked authorization for such debits by notifying Safeco not to renew their policies.

4.      These policies and practices violate the Consumer Fraud Act (CFA), which broadly prohibits, *inter alia*, abusive or unconscionable commercial practices.

5.      Gonzalez, on behalf of a proposed Class of similarly situated New Jersey consumers, seeks judgment against Safeco for remedies under the CFA, including declaratory and injunctive relief, as well as treble damages, attorney's fees, and costs.

6.      Gonzalez, on behalf of himself and a Sub-Class, seeks judgment against Safeco for remedies under EFTA, including statutory damages, attorney's fees, and costs.

## PARTIES

7.      Plaintiff Oscar Gonzalez is an individual who is a citizen of New Jersey.

8.      Safeco Insurance Company of America Safeco is a Massachusetts for profit corporation with its principal place of business located at 175 Berkeley Street, Boston, MA 02116.

## JURISDICTION AND VENUE

9.      Venue is proper in the Superior Court of New Jersey, Burlington County because the events and omissions giving rise to the claims substantially occurred there, and Gonzalez's policy at issue covered a vehicle located in Burlington, New Jersey.

## FACTUAL ALLEGATIONS

10.     On or about November 16, 2021, Gonzalez entered into an automobile insurance policy with Safeco for his 2016 Ford FR3, with an initial annual policy period of November 23, 2021 to November 23, 2022.

11.     Safeco collected Gonzalez's policy premiums via ACH (Automated Clearing House) debits from Gozalez's bank account, pursuant a written agreement preauthorizing such debits subject to revocation.

12.     The following year, Gonzalez renewed the policy for the period of November 23, 2022 to November 23, 2023, with a total premium of $2,963.40. A copy of the auto policy renewal is attached hereto as **Exhibit 1.**

13.     On November 20, 2023, Safeco issued Gonzalez a notice with policy terms for the annual period of November 23, 2023 to November 23, 2024, which reflected a substantially higher premium of $3,863 compared to the 2022 – 2023 period.  A copy of the notice is attached hereto as **Exhibit 2.**

14.     On or about November 21, 2023, Gonzalez notified Safeco that he did not wish to renew the policy and to cancel the policy as of November 23, 2023. Safeco memorialized this in a letter dated the same day, stating "we are canceling your Automobile insurance policy. Coverage will end at 12:01 a.m. standard time on November 23, 2023." A copy of this letter is attached hereto as **Exhibit 3.**

15.     Even though Safeco confirmed Gonzalez's policy cancellation effective November 23, 2023, Safeco proceeded with the policy renewal, against Gonzalez's wishes.

16.     On or about November 28, 2023, Safeco attempted to debit Gonzalez's bank account in the amount of $326.03 in conjunction with the policy renewal.

17.     Gonzalez instructed his bank to stop payment Safeco's attempted debit of the $326.03.

18.     Safeco mailed a notice to Gonzalez dated November 28, 2023 captioned "Returned Payment Notice," stating, in relevant part, "A recent deduction of $326.03 from your account was

returned by your bank with A recent deduction of $326.03 from your account was returned by your bank with the indication that they could not honor it because of Stop Payment... As a result of the above activity, a balance of $326.03 remains due on this account." A copy of the letter is attached hereto as **Exhibit 4.**

19.    After issuing the November 28, 2023 Return Payment Notic, Safeco aggressively pursued collection of the purported $326.03 debt

20.    Sometime after November 28, 2023, Safeco retained a retained a third-party debt collector, Credit Collection Services, which sent a letter to Gonzalez dated January 12, 2024 stating, in relevant part, "Credit Collection Services is a debt collector. We are trying to collect a debt that you owe to SAFECO INSURANCE. We will use any information you give us to help collect the debt. Total amount of debt now: $326.03". A copy of the letter is attached hereto as **Exhibit 5**.

21.    Sometime after November 28, 2023, Safeco or its collection agent caused negative entries to appear on Gonzalez's credit reports with one or more of the major credit reporting agencies. See **Exhibit 6.** (An excerpt from Gonzalez's credit report with Experion generated April 2, 2024, reporting that the purported $326.03 debt to Safeco as "past due.")

22.    As a result of Safeco's conduct, Gonzalez has suffered ascertainable loss in the amount of the $326.03 unlawfully imposed, improper debt.

23.    As a result of Safeco's conduct, Gonzalez has suffered damages including, but not limited to, diminishment of his credit rating and emotional distress.

## CLASS ACTION ALLEGATIONS

24.    Gonzalez brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32-1(b)(2) and (b)(3) of the New Jersey Rules of Court.

25.    Gonzalez seeks certification of a Class (the "Class") initially defined as follows:

Any person listed as a party in any Safeco insurance policy, with a New Jersey address as listed in the policy, who, according to Safeco's records, provided notice to Safeco that the person did not wish to renew the policy beyond the policy period in effect at the time of notice, and who was then were invoiced, billed, or otherwise charged by Safeco for any portion of the premium for the subsequent policy period at any time within the proposed class period.

The "proposed class period" means six years prior to the date of filing of this Complaint through the date of certification of the proposed Class. "Safeco" means Safeco or any of its agents.

26.    Gonzalez seeks certification of a Subclass (the "Subclass") initially defined as follows:

Any natural person described in the Class definition, from whom Safeco collected or attempted to collect payment for any portion of the premium for the subsequent policy period referenced in the Class definition by direct ACH (Automated Clearing House) debit of the person's bank account within the proposed subclass period.

The "proposed subclass period" means 1 year prior to the date of filing of this Complaint though the date of certification of the proposed Subclass. "Safeco" means Safeco or any of its agents.

Excluded from the Subclass is any person who, according to Safeco's records, maintained the policy primarily for business or governmental purposes, and not primarily for personal, family, or household purposes.

27.    The members of the proposed Class and Subclass are so numerous that joinder of all members of the class is impracticable.

28.    There are questions of law and fact common to the members of the Class. These common questions include:

o    Whether Safeco has a policy or practice of renewing insurance policies after their customers indicate they will not be renewing the same;

o    Whether Safeco committed an abusive or unconscionable commercial practice, deception, fraud, pretense, false promise, and /or misrepresentation, or other affirmative acts in

violation of the CFA by renewing insurance policies even though their customers instructed Safeco not to renew them;

○ Whether Safeco's invoicing and attempts to collect premiums for the renewed policy periods constitute "ascertainable loss" under the CFA;

○ Whether Safeco committed an abusive or unconscionable commercial practice, deception, fraud, pretense, false promise, and /or misrepresentation, or other affirmative acts in violation of the CFA by renewing policies and charging premiums for renewed policy periods after receiving notices from consumers' elections not to renew their policies.

29.    There are questions of law and fact common to the members of the Subclass. These common questions include

○ Whether the Subclass members withdrew their prior preauthorization for direct ACH debits of future renewal premiums by notifying Safeco that they did not wish to renew their policies;

○ Whether Safeco violated EFTA, Regulation E, at 12 C.F.R. § 1005.10(b) by proceeding with unauthorized ACH debits of the Subclass members' bank accounts;

○ Whether Safeco violated EFTA, Regulation E, at 12 C.F.R. § 1005.10(b) by proceeding with unauthorized ACH debits of the Subclass members' bank accounts for renewed policies with different pricing and other terms from the previous period, without affording an opportunity to reject the changed terms before directly debiting their accounts for payment for the renewal policies.

○ Whether Safeco is liable to the Subclass members for statutory damages and other remedies under EFTA, at 15 U.S.C. § 1693m

30.     Safeco has acted, or refused to act, on grounds generally applicable to Gonzalez and all Class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31.     Gonzalez's claims are typical of the claims of the members of the Class and Subclass which he represents because all such claims arise out of the same policies, practices, and conduct, and the same or similar form documents or letters used by Safeco in their dealings with Gonzalez and each member of the putative Class and Subclass.

32.     Gonzalez will fairly and adequately protect the interests of the class and has retained competent counsel experienced in the prosecution of consumer litigation and class actions. Proposed Class Counsel has investigated and identified potential claims in the action. Proposed Class Counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

33.     The questions of law or fact common to the members of the Class and Subclass predominate over any questions affecting only individual members.

34.     A class action is superior to other available methods for the fair and efficient adjudication of these controversies since joinder of all members of both classes is impracticable.

35.     The Class and Subclass, of which Gonzalez is a member, are each readily identifiable from Safeco's records.

36.     Gonzalez does not anticipate any difficulty in the management of this litigation.

37.     While the economic damages suffered by the individual members of the class are significant, the amount is modest compared to the expense and burden of individual litigation.

38.     A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort, and expense.

### CLASS CLAIMS

### COUNT ONE
**(Asserted by Gonzalez on behalf of himself and the proposed Class)**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ("CFA")**

39.     The New Jersey Consumer Fraud Act ("CFA"), at N.J.S.A. 56:8-2, prohibits "[t]he act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, [or] misrepresentation... in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby..."

40.     "Merchandise" under N.J.S.A. 56:8-2 includes insurance policies and products.

41.     Safeco engaged in abusive practices, unconscionable commercial practices, deception, fraud, false promises, and/or misrepresentations *in connection with* its sale of insurance and subsequent performance thereof to Gonzalez and the putative Class members, including, but not limited to, the following:

   a.  Debiting payment for renewal period premiums from Gonzalez and other putative Class members by ACH or other means of electronic fund transfer, after they withdraw authorization for such payments by notifying Safeco to cancel and not to renew their policies.

   b.  Renewing the insurance policies of Gonzalez and other putative Class members, after receiving instructions from them not to renew the policies;

   c.  Representing to Gonzalez and other putative Class members that their policies were canceled and would not be renewed, but then collecting premium payments for subsequent policy periods by ACH or other means of automatic payment;

    d.  Violating other consumer protection statutes in collecting or collecting to attempt renewal premiums through electronic fund transfers without the consumers' authorization, including the EFTA and the National Automated Clearing House Association (NACHA) Rules, 31 C.F.R. § 210.

42.    N.J.S.A. 56:8-19 provides for a private right of action for treble damages, equitable relief, and reasonable attorney's fees and costs to consumers who suffer "any ascertainable loss" resulting from any violation of the CFA.

43.    Under New Jersey precedent, "ascertainable loss" under the CFA includes imposition of improper debt, and consumers who suffer such loss are not required to pay improper debts imposed against them prior to filing an action under N.J.S.A. 56:8-2.

44.    Gonzalez and the other putative Class members suffered ascertainable loss as a result of Safeco's CFA violations in the form of imposition of improper debt, in the amount of the improperly billed premium, which for Gonalez was $326.00.

**COUNT TWO**
**(Asserted by Gonzalez on behalf of himself and the proposed Sublass)**
**VIOLATIONS OF THE ELECTRONIC FUND TRANSFERS ACT (EFTA)**
**15 U.S.C. § 1693 and 12 C.F.R. § 1005**

45.    The direct ACH (Automated Clearing House) debit of Gonzalez's and the proposed Subclass members' bank accounts were "electronic fund transfers" subject to the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693, and its implementing regulation, 12 C.F.R. § 1005, Federal Reserve Board Regulation E ("Regulation E")

46.    The EFTA requires that all preauthorized transfers from consumers' accounts must be authorized by the consumer.   12 C.F.R. § 1005.10(b); 15 U.S.C. § 1693e(a)("A preauthorized

electronic fund transfer from a consumer's account may be authorized by the consumer only in writing…").

47.    By notifying Safeco that they did not wish to renew their policies, Gonzalez and the proposed Subclass members effectively revoked their prior authorizations for Safeco to make electronic fund transfers from their accounts.

48.    Safeco violated EFTA's authorization requirement set forth at 12 C.F.R. § 1005.10(b) and the initial clause 15 U.S.C. § 1693e(a) by proceeding with direct ACH debits of Gonzalez's and the proposed Subclass members' accounts after they revoked their authorization for such electronic transfers,

49.    EFTA further requires that "when a preauthorized electronic fund transfer from the consumer's account will vary in amount from the previous transfer under the same authorization…the designated payee… shall send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer." 12 C.F.R. § 1005.10(d)(1).

50.    Implicit in this duty to provide consumers 10 days' notice before debiting their accounts in different amounts than previously authorized is a right for consumers to reasonable time and opportunity to act on such notice to discontinue such varying direct debits *before* they are initiated.

51.    Safeco violated 12 C.F.R. § 1005.10(d)(1) by failing to afford Gonzalez and the proposed Subclass *any* time or opportunity to reject and discontinue direct ACH payments for the changed premium amounts reflected in the policy renewal notices.

52.    EFTA, at 15 U.S.C. § 1693m(a), provides for civil liability, including class liability, against any "any person who fails to comply with any provision of this subchapter with respect to

any consumer," and provides for remedies including actual damages, statutory damages, and reasonable attorney's fees and costs.

**WHEREFORE**, Gonzalez, on behalf of himself and others similarly situated, requests the following relief:

**I.    As to Count One,**

A.    An order certifying this matter as a class action pursuant to R. 4:32-1(b)(2) and (b)(3) with respect to the Consumer Fraud Act (CFA) claims asserted at Count One, appointing the named Plaintiff, Oscar Gonzalez as representative of the Class, and appointing The Dann Law Firm, P.C. and the attorneys named in the above caption as class counsel, with the Class initially defined as follows:

> Any person listed as a party in any Safeco insurance policy, with a New Jersey address as listed in the policy, who, according to Safeco's records, provided notice to Safeco that the person did not wish to renew the policy beyond the policy period in effect at the time of notice, and who was then were invoiced, billed, or otherwise charged by Safeco for any portion of the premium for the subsequent policy period at any time within the proposed class period.
>
> The "proposed class period" means six years prior to the date of filing of this Complaint through the date of certification of the proposed Class. "Safeco" means Safeco or any of its agents.

B.    A judgment against Defendant Safeco awarding Gonzalez and the Class members monetary remedies under the CFA, at N.J.S.A. 56:8-2, including treble damages, reasonable attorney's fees and costs, along with pre-judgment and post-judgment interest and such other relief as the Court deems just and equitable.

C.      A judgment against Defendant Safeco awarding Gonzalez and the Class

members equitable remedies under the CFA, at N.J.S.A. 56:8-2, including a

declaratory judgment, in accordance with the Uniform Declaratory Judgments Act

(UDJA), N.J.S.A. 2A:16-51 *et seq.,* ruling that Safeco's conduct as alleged herein

constitutes abusive commercial practices, unconscionable commercial practices, or

other unlawful practices enumerated at N.J.S.A. 56:8-2, along with corresponding

injunctive relief prohibiting Safeco from engaging in such conduct in any future

transactions with New Jersey consumers, along with reasonable attorney's fees and

costs and such other relief as the Court deems just and equitable.

**II. As to Count Two,**

A.      An order certifying this matter as a class action pursuant to R. 4:32-1(b)(3) with

respect to the Electronic Fund Transfers Act (EFTA) claims asserted on behalf of Gonzalez

and the Subclass at Count Two, appointing the named Plaintiff, Oscar Gonzalez as

representative of the Sublass, and appointing The Dann Law Firm, P.C. and the attorneys

named in the above caption as class counsel for the Subclass, with the Subclass initially

defined as follows:

> Any natural person described in the Class definition, from whom Safeco collected
> or attempted to collect payment for any portion of the premium for the subsequent
> policy period referenced in the Class definition by direct ACH (Automated Clearing
> House) debit of the person's bank account within the proposed subclass period.

> The "proposed subclass period" means 1 year prior to the date of filing of
> this Complaint though the date of certification of the proposed Subclass.
> "Safeco" means Safeco or any of its agents.

> Excluded from the Subclass is any person who policy or related Safeco records  was
> purchased specify purchased the policy for   , according to Safeco's records,
> purchased or maintained the policy for a specified primarily purpose that was other
> than personal, family, or household purposes.

B.    A judgment against Defendant Safeco awarding Gonzalez and the Subclass members all remedies available under EFTA, at 15 U.S.C. § 1693m(a), including statutory damages in the maximum authorized amount, along with reasonable attorney's fees and costs of suit. Gonzalez further requests, on behalf of himself and the Subclass, pre-judgment and post-judgment interest and such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff, on behalf of himself and those similarly situated, demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Javier L. Merino, Esq is hereby designated as trial counsel for the Plaintiff in the above matter.

## NOTICE TO ATTORNEY GENERAL OF THIS ACTION

A copy of this Complaint shall be emailed to the Attorney General of the State of N.J. within 24 hours after the filing of this Complaint with the Court pursuant to N.J.S.A. 56:8-20.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, however, Plaintiff is considering bringing an action against a non-party debt collection agency called Credit Collection Services for violations of the federal Fair Debt Collection Practices Act committed while attempting to collect an alleged debt on behalf of Defendant Safeco, as described herein. I further certify that I know of no parties who should be joined in the action at this time, other than those named herein.


Dated: June 17, 2024          s/ Henry P. Wolfe
                              Henry P. Wolfe, Esq.
                              The Dann Law Firm, PC

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****


A Liberty Mutual Company

HELMSMAN  INSURANCE  AGENCY
PO BOX 704000
SALT LAKE CITY   UT   84170-4000

October 16, 2022

Policy  Number:  ████████
24-Hour Claims:  1-800-578-6701
Policy Service:  1-800-578-6701
Online Account Services:  www.safeco.com

**THIS IS NOT A BILL.**
**IDENTIFICATION  CARDS ENCLOSED**

OSCAR  GONZALEZ
209 DRAGOON  ST
HUACHUCA  CITY AZ  85616-9708

Countersigned by:
Authorized Representative

for HELMSMAN  INSURANCE  AGENCY

Thank you for allowing Safeco to continue serving your auto insurance needs.   We appreciate your business and the trust that you have placed in us.

Please place the enclosed insurance identification  cards in the vehicle listed on the card.

Your new 12-month policy period will begin on November 23, 2022.   Your policy will renew automatically  if you continue to pay the premium.
The renewal premium is $2,963.40.

This is not a bill.   Your bill will be sent separately about 25 days before it is due.   It will provide more information  about amounts you may pay and your payment due date.   For more information about fees, please see the enclosed policy declarations page and the back of your billing statement.

A $185.72 payment for your recent bill will be deducted on October 23, 2022.

If you have any questions or wish to make any changes to your policy, you can do so by calling us at 1-800-578-6701.

Thank you for entrusting  us with your insurance needs.

Tyler Asher
President, Safeco Insurance

**SAFECO  INSURANCE  COMPANY  OF AMERICA**

OC-429/EP  10/13                    Exhibit 1 to Complaint,  Page 1 of 1

**** REPRINTED FROM THE ARCHIVE. THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

 **Insurance** ™
A Liberty Mutual Company

HELMSMAN  INSURANCE  AGENCY
PO BOX 704000
SALT LAKE CITY   UT   84170-4000

November  20, 2023

Policy Number: ████████
24-Hour Claims:  1-800-578-6701
Policy Service:  1-800-578-6701
Online Account Services:  www.safeco.com

**THIS IS NOT A BILL.**

OSCAR  GONZALEZ
3 ELIZABETH  LN
COLUMBUS  NJ  08022-2352

Countersigned  by:
Authorized  Representative

for  HELMSMAN  INSURANCE  AGENCY

Thank you for allowing us to continue serving your insurance needs.

To ensure you are receiving the best coverage and value available, the following changes have been made to your 12-month automobile policy, including those requested by you or your agent or broker.

> Your name and address information is amended to read:
> OSCAR  GONZALEZ
> 3 ELIZABETH  LN
> COLUMBUS  NJ 08022-2352
>
> Although you have moved, your existing agent is licensed to write business anywhere in the state and can continue to service your policy regardless of your location.   If you have any questions regarding this new arrangement, please contact your agent.

2016 MOTOR  HOME  25DS FORD
  - Underinsured  Motorists Bodily Injury coverage is rejected.
  - The location address is changed to:
    209 DRAGOON  ST
    HUACHUCA  CITY AZ 85616-9708
    County:  COCHISE

This change is effective November 20, 2023.   Please place this letter with your insurance policy. Information on coverages and limits can be found on the revised Declarations page, enclosed.

The credit for this change is $25.51.   The billing for this amount will be explained on your next billing statement.   A $326.03 payment for the outstanding bill on your account will be deducted on November 23, 2023.

If you have any questions or wish to make any changes to your policy, you can do so by calling us at 1-800-578-6701.

PLEASE  SEE REVERSE
**SAFECO INSURANCE  COMPANY  OF AMERICA**

OC-429/EP  10/13

**Exhibit 2 to Complaint,  Page 1 of 2**

**** REPRINTED FROM THE ARCHIVE.  THE ORIGINAL TRANSACTION MAY INCLUDE ADDITIONAL FORMS ****

We appreciate the opportunity to serve you.   Thank you.


Personal Lines Underwriting

Exhibit 2 to Complaint,  Page 2 of 2


**Safeco** Insurance.
A Liberty Mutual Company

**\*000291\***

SAFECO INSURANCE COMPANY OF AMERICA
P O BOX 704000, SALT LAKE CITY, UT 84170

HELMSMAN INSURANCE AGENCY
PO BOX 704000
SALT LAKE CITY    UT    84170-4000

NOVEMBER 21, 2023

AGENT TELEPHONE:    1-800-578-6701

OSCAR GONZALEZ
3 ELIZABETH LN
COLUMBUS NJ    08022-2352

Re: Notice of Cancellation —    Automobile Policy ▮▮▮▮▮▮

Dear Policyholder,

Per your request, we are canceling your Automobile insurance
policy. Coverage will end at 12:01 a.m. standard time on November
23, 2023.

Thank you for your past business. We look forward to serving you
again soon.

SAFECO INSURANCE COMPANY OF AMERICA
Personal Lines Underwriting

**Exhibit 3 to Complaint, Page 1 of 1**
INSURED'S COPY

**Safeco** Insurance℠
A Liberty Mutual Company

HELMSMAN INSURANCE AGENCY
PO BOX 704000
SALT LAKE CITY   UT   84170

AGENT TELEPHONE:   1-800-578-6701

•000044•

OSCAR GONZALEZ
3 ELIZABETH LN
COLUMBUS       NJ   08022-2352

**RETURNED PAYMENT NOTICE**

| ACCOUNT NUMBER | DUE DATE |
|---|---|
| ▇▇▇▇▇ | DEC 18 23 |

DATE PREPARED          AMOUNT DUE
NOV 28 23              $326.03

**IF YOU NEED ASSISTANCE OR ADDITIONAL
INSURANCE, PLEASE CONTACT YOUR AGENT.**

A recent deduction of $326.03 from your account was returned by your bank with
the indication that they could not honor it because of Stop Payment. Please
contact your bank if you have any questions regarding why your deduction was
not allowed.

As a result of the above activity, a balance of $326.03 remains due on this
account. To clear this amount, we would appreciate a payment by
December 18, 2023.

If you have any questions, please call your agent.



OA-41/EP 3/09                                                                    G2

**206**  16-1551      ↑ **Please fold, detach at perforation and return this** ↑
                       **portion with your payment in the enclosed envelope**

OC-541/EP 10/18

   **$326.03**   **Returned Payment**

| Account Number | Due Date |
|---|---|
| ▇▇▇▇▇ | **PAST DUE** |

To avoid a late fee pay by due date above

SAFECO INSURANCE
PO BOX 1438
NEW YORK, NY 10116-1438

OSCAR GONZALEZ

Exhibit 4 to Complaint,  Page 1 of 1

Credit Collection Services
P.O. Box 607
Norwood, MA 02062-0607
(800) 326-6400 from 8am to 8pm EST, Monday to Friday
www.ccspayment.com



To:  OSCAR GONZALEZ
     3 ELIZABETH LN

     COLUMBUS, NJ 08022-2352

01/12/24

Reference: ███████████████

**Credit Collection Services is a debt collector.** We are trying to collect a debt that you owe to SAFECO INSURANCE. We will use any information you give us to help collect the debt.

## Our Information Shows:

| | | |
|---|---|---|
| You had an account with SAFECO INSURANCE with account number ███████ | | |
| As of December 19, 2023, you owed: | $ | 326.03 |
| Between December 19, 2023 and today: | | |
| You were charged this amount in interest: | + $ | 0.00 |
| You were charged this amount in fees: | + $ | 0.00 |
| You paid or were credited this amount toward the debt: | - $ | 0.00 |
| **Total amount of debt now:** | **$** | **326.03** |

## How can you dispute the debt?

- **Call or write to us by February 19, 2024, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by February 19, 2024,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.ccspayment.com.

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by February 19, 2024, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.ccspayment.com.

- **Go to www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

---

010105.wfa  0121  618101  00001418  1 of 2

P.O. Box 607
Norwood, MA 02062-0607



OSCAR GONZALEZ
3 ELIZABETH LN
COLUMBUS, NJ 08022-2352

## How do you want to respond?

*Check all that apply*

☐ **I want to dispute the debt because I think:**
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ I enclosed this amount: [ $ ]
Make your check payable to *SAFECO INSURANCE*.
Include the reference number 05 0082 71554.

**Mail this form to:**
Credit Collection Services
P.O. Box 607
Norwood, MA 02062-0607

## Exhibit 5 to Complaint,  Page 1 of 1



**Prepared For**

# OSCAR GONZALEZ

Personal & confidential

Date generated: Apr 2, 2024

## At a glance

FICO® Score ▮



FICO® SCORE 8
Experian data Apr 2, 2024

300 ————————————————————————— 850

Fair

### Account summary

| | |
|---|---|
| Open accounts | 6 |
| Self-reported accounts | 0 |
| Accounts ever late | 2 |
| Closed accounts | 0 |
| Collections | 1 |
| Average account age | 5 yrs 6 mos |
| Oldest account | 12 yrs 5 mos |

### Overall credit usage



**74 %**

Credit used: **$5,073**

Credit limit: **$6,850**

### Debt summary



Credit card and credit line debt

Self-reported account balance

Loan debt

Collections debt

Total debt

Exhibit 6 to Complaint,  Page 1 of 2

 **experian.**

Prepared For **OSCAR GONZALEZ**    Date generated: Apr 2, 2024

# Collection accounts

**CREDIT COLLECTION SERV**                                                                    $326
Original creditor: **SAFECO IN.**                                                              Closed

### Account info

| | | | |
|---|---|---|---|
| Account name | **CREDIT COLLECTION SERV** | Balance | $326 |
| Account number | **827155X** | Balance updated | Mar 26, 2024 |
| Original creditor | **SAFECO IN.** | Original balance | $326 |
| Company sold | - | Monthly payment | - |
| Account type | **Collection** | Past due amount | $326 |
| Date opened | **Jan 10, 2024** | Terms | **1 Month** |
| Status | **Collection account. $326 past due as of Mar 2024.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Jan 2024** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | - | - | C | - | - | - | - | - | - | - | - | - |

C Collection            - Data Unavailable

### Contact info

Address      **725 CANTON ST NORWOOD,
             MA 02062 NORWOOD,
             MA 02062**

Phone number   **(617) 965-2000**

### Comments

-

Exhibit 6 to Complaint,  Page 2 of 2

# EXHIBIT

# B



## State of New Jersey
### Department of Banking and Insurance
### Office of the Commissioner

**Phil Murphy**
*Governor*

**Tahesha L. Way**
*Lt. Governor*

PO Box 325
Trenton, NJ 08625-0325

Tel (609) 633-7667

**Justin Zimmerman**
*Acting Commissioner*

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

7/10/2024

Attention:

CORPORATION SERVICE COMPANY
SAFECO INSURANCE COMPANY OF AMERICA
PRINCETON SOUTH CORPORATE CENTER
100 CHARLES EWING BLVD., SUITE 160
EWING, NJ 08628

RE: Oscar Gonzalea, on behalf of himself and those similarly situated v.
SAFECO Insurance Company of America.
Superior Court of New Jersey, Burlington County Law Division
Docket No.: BUR-L-1294-24

Dear Sir/Madam:

You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. The documents served are enclosed herein.

By copy of this letter I am advising the attorney for the Plaintiff(s) in this matter that these documents have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

Very Truly Yours,

**Margie Greco**
Administrative Assistant

C:  The Dann Law Firm, PC
Attn: Javier L. Merino, Esq.
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902

---

*Visit us on the Web at dobi.nj.gov*

*New Jersey is an Equal Opportunity Employer*      Printed on Recycled Paper and Recyclable

# EXHIBIT

# C

Aaron H. Gould (015532009)
**CONNELL FOLEY LLP**
Harborside 5
185 Hudson Street, Suite 2510
Jersey City, NJ 07311
Ph: 201.521.1000
Fax: 201.521.0100
AGould@connellfoley.com
*Attorneys for Defendant, Safeco Insurance Company of America*

|  |  |
|---|---|
| **OSCAR GONZALEZ**, on behalf of himself and those similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**,<br><br>                              Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - BURLINGTON COUNTY<br><br>Docket No.: BUR-L-1294-24<br><br>CIVIL ACTION<br><br>**NOTICE OF FILING OF REMOVAL** |

**TO:**    Clerk, Superior Court of New Jersey
         Burlington County Courthouse
         49 Rancocas Road
         Mt. Holly, New Jersey 08060

         Henry P. Wolfe, Esq.
         The Dann Law Firm
         1520 U.S. Highway 130, Suite 101
         North Brunswick, New Jersey 08902
         *Attorney for Plaintiff and those similarly situated*

**COUNSEL:**

    **PLEASE TAKE NOTICE** that Defendant, Safeco Insurance Company of America

("Safeco"), on this date, filed a Notice of Removal, a copy of which is attached hereto as Exhibit

1 and made a part hereof, with the Office of the Clerk of the United States District Court for the

District of New Jersey in Camden, New Jersey, thereby effecting removal of this action to the

United States District Court of New Jersey. At the same time, Safeco's Notice of Removal has

been filed with the Clerk, Superior Court of New Jersey, Law Division, Burlington County, to

effect removal of this action to the United States District Court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446. Pursuant to 28 U.S.C. § 1446(d), the Superior Court of New Jersey, Law Division, shall proceed no further in its disposition of this case unless the case is remanded. By this Notice of Filing of Removal, Safeco does not waive any objections it may have to service, jurisdiction or venue, or any other defenses or objections to this action.

Respectfully submitted,

**CONNELL FOLEY LLP**
*Attorneys for Defendant,*
*Safeco Insurance Company of America*


By: */s/ Aaron H. Gould_____*
     Aaron H. Gould

Dated: August 7, 2024

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 7, 2024, a copy of this Notice of State Court of Filing of Notice of Removal was served on the following counsel of record via eCourts and electronic mail at the following address:

> Henry P. Wolfe, Esq.
> The Dann Law Firm
> 1520 U.S. Highway 130, Suite 101
> North Brunswick, New Jersey 08902
> hwolfe@dannlaw.com
> *Attorney for Plaintiff and those similarly situated*

*/s/ Aaron H. Gould*
Aaron H. Gould
